IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DR. KENNETH JACKSON, | |
| Plaintiff, | Case No. 08 C 50201 |
| vs. | Judge<br>Phillip Reinhard |
| BOARD OF EDUCATION OF ROCKFORD PUBLIC SCHOOLS DISTRICT 205, AND LINDA HERNANDEZ, IN HER INDIVIDUAL CAPACITY, | Magistrate Judge<br>P. Michael Mahoney |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

**I.     Introduction**

The parties to this litigation have engaged in a number of disputes regarding the discovery materials that are the subject of Plaintiff's motion to compel. As a summary, Plaintiff's Second Amended Complaint alleges employment discrimination in the form of retaliation and termination on the basis of age, gender, and race. It appears Plaintiff will attempt to engage in the indirect method of proving allegations under the familiar *McDonnell Douglas* burden shifting analysis. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Plaintiff's discovery requests essentially seek information that would relate to: (1) his claims of disparate treatment in relation to similarly-situated employees, a required element to establish a *prima facie* case; and/or (2) the nature of Defendants' potential claims of legitimate, nondiscriminatory reasons for its treatment of Plaintiff, an important part of the *McDonnell Douglas* analysis.

1

The court will first address Plaintiff's requests in light of his attempt to identify similarly situated employees. Beginning in June 2009, Plaintiff began requesting personnel and disciplinary files of employees who he believed were similarly situated to Plaintiff. Defendants objected that the requests were vague, overly broad, and created an undue burden. Through numerous communications, motions, and court hearings over the course of nearly sixteen months, the parties have attempted to narrow the scope of the discovery to an appropriate set of potentially similarly situated individuals. At an August 11, 2010 hearing, the court denied Plaintiff's requests for the personnel and disciplinary files of each administrator, principal, and administrative principal within District 205 within the last five years, and instructed that Plaintiff may attempt to narrow the request or obtain further information through an interrogatory. Now before the court is Plaintiff's second motion to compel and to extend discovery.

**II.     Discussion**

    **1.     Discussion of Similarly Situated Employees**

At the heart of each of these requests is a question as to whether they are relevant and appropriately tailored to discover information relating to similarly situated individuals. The thrust of the arguments before the court at the most recent discovery hearings was similarly focused on how to define similarly situated employees in this case. Therefore, the court will begin with a discussion of similarly situated employees as it relates to Plaintiff's requests.

As an initial matter, the court notes that the standard for evaluating Plaintiff's requests is whether they are reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b). In other words, discovery requests at this stage of litigation need not be perfectly tailored to apply strictly to similarly situated individuals as they will ultimately be defined by a
Page footer:
 
 

trier of fact. Rather, the request may be tailored to lead Plaintiff to a list of employees or former employees that could result in discovery of similarly situated individuals. In other words, Plaintiff may need to obtain a list of individuals in order to determine whether there are similarly situated individuals, and if so, who they might be. To do otherwise would place the burden of finding similarly situated individuals on the Plaintiff without the benefit of discovery. Determining similarly situated employees requires a comparison between Plaintiff and his co-workers.

Defendants have proposed that "similarly situated employees" are those that "dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." (Def.'s Resp. to Pl.'s Second Mot. to Compel, Dkt. No. 129, p. 6-7.) If Defendants had their way, they would also have to drive the same car and have the same color eyes. Defendants cite to the "same supervisor" language in an attempt to eliminate all but school principals from the category of potentially similarly situated employees. The court finds Defendants' focus on this language misleading given the context of this case. The Seventh Circuit use of the "same supervisor" standard arose in the context of disciplinary situations where the "supervisor" is the one determining and applying disciplinary decisions. In such cases, the question the court was attempting to isolate was whether the disciplinary decision-maker, when presented with factually similar situations, made determinations based on discriminatory factors.

However, the Seventh Circuit has clarified that Defendants' preferred definition of "similarly situated", when framed as a requirement in "must" terms, is a view that is "too rigid

and inflexible." *Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 405 (7th Cir. 2007), *aff'd ---- v. ----*, 553 U.S. 442 (2008). Instead, the court should "look at all relevant factors" to determine if a Plaintiff is "similarly situated with respect to performance, qualifications, and conduct." *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617 (7th Cir. 2000). This type of determination requires a "flexible, common-sense comparison based on 'substantial similarity' rather than a strict 'one-to-one mapping between employees'" and allows the court to attempt to "isolate the critical independent variable: complaints about discrimination." *Argyropoulos v. City of Alton*, 539 F.3d 724, 735 (7th Cir. 2008) (citations omitted); *see also Humphries*, 474 F.3d at 405. The court also notes that Plaintiff's search for similarly situated individuals need not be restricted to the time period of the alleged acts of discrimination. *Freeman v. Madison Metropolitan School Dist.*, 231 F.3d 374 (7th Cir. 2000) (in determining similarly situated individuals, "[t]he focus must remain on whether the evidence is relevant to demonstrate that discrimination played a role in the decision, and that determination is not served by a bright-line temporal restriction"). This type of inquiry varies depending on the type of employer conduct at issue. *Id.*

Here, the alleged employer conduct at issue was a temporary disciplinary demotion, public disclosures about Plaintiff's qualifications, and the eventual non-renewal of Plaintiff's contract by Defendant Rockford Board of Education. In determining which employees are similarly situated, it matters less who an individual "reports to" on a daily basis, and more who made the decisions regarding discipline and the non-renewal of Plaintiff's contract. *See, e.g. Woods v. Von Maur, Inc.*, 2010 U.S. Dist. LEXIS 88662, * 9-10 (N.D. Ill. Aug. 27, 2010). Defendants have not alleged that the Board of Education and/or acting superintendent cannot, or do not, have control over the disciplinary or contractual decisions relating to principals, assistant

4

principals, CEOs, or COOs. For example, evidence that a District 205 elementary school principal's state certification credentials were known by the Board of Education to have lapsed, without consequences similar to those alleged by Plaintiff, could be admissible at trial. Defendants' assertion that only non-tenured principals of the other District 205 traditional high school principals are similarly situated to Plaintiff is not supported by sufficient contextual evidence or relevant Seventh Circuit case law, and therefore, is unavailing. Allowing this case to proceed in any meaningful fashion means Plaintiff must be given some opportunity through the discovery process to find similarly situated individuals. With the foregoing principles in mind, the court will now evaluate Plaintiff's specific discovery requests.

### 2. **Interrogatory Number 10**

Plaintiff has, in fact, propounded two interrogatories that attempt to find individuals who would be similarly situated. The first request, Interrogatory Number 10, is as follows:

> 10. Identify and describe, in full and complete detail, each Rockford Public Schools District 205 Administrator who was terminated, non-renewed, or demoted back into the classroom, from the 2002-2003 school year to the present. Include in your description, (a) name, address, telephone number, job title, age, gender, and race of such Administrator; (b) any oral or written warnings, negative evaluations, warning resolutions, remediation plans, or other disciplinary action; (c) rationale for such disciplinary action; (d) the date of such demotion, termination or non-renewal; and (e) name, address, telephone number, job title, age, gender, and race of the Person(s) who implemented such action. Identify all documents that constitute, refer or relate to Interrogatory No. 10.

(Pl's Aff. Regarding Mot. to Compel, Dkt. No. 125, Ex. B.) Plaintiff further defined the term "District 205 Administrator" as "any individual employed by District 205, in a position which

requires a Type 75 certificate[1], or any individual serving as a Chief Operating Officer ("CEO")[sic], or Chief Executive Officer ("CEO"), at a District 205 school." (Pl's Mem. in Support of Mot. to Compel, Dkt. No. 125, p. 7.)

What Plaintiff essentially seeks here is a list of employees against which similar disciplinary actions were taken. In a prior case involving Defendant District 205, the court found this type of request to be reasonable. *See Glover v. Bd. of Educ., et al.*, 2004 U.S. Dist. LEXIS 6358 (N.D. Ill. Apr. 9, 2004). That said, Defendants have described the burden of producing the requested information as "a daunting and cumbersome task." Defendants have described 120 administrators who, between the 2002-2003 school year and the present, were either reclassified as teachers or dismissed. While this list indicates a large number of personnel files to review, it also exhibits Defendants' familiarity with the type of information Plaintiff is seeking. With the appropriate limitations listed below, the court finds the potential importance of the discovery to Plaintiff outweighs the burden that would be placed on Defendants. Defendants must answer Plaintiff's interrogatory with the following limitations: (1) information need only be provided for the three years preceding the date of the non-renewal of Plaintiff's contract; and (2) Defendants must only answer as to Rockford Public Schools District 205 Administrators who were required to hold a Type 75 certificate, and who were terminated, non-renewed, or demoted back into the classroom involuntarily through action taken or approved by the School Board.

---

[1]The parties have represented to the court that a "Type 75" is a certification that certain administrators within Illinois school districts must hold. For the purposes of this order, a reference to a Type 75 also includes any type of provisional Type 75 or Type 76 administrative certificate as described by the parties in relation to Plaintiff.

### 3. Interrogatory Number 18

The second of Plaintiff's interrogatories at issue is Interrogatory Number 18, which states:

> 18. Identify each individual employed by District 205 in a position requiring a Type 75, from the 1999-2000 school year to the present. For each such Administrator, Identify:
> a. the individual's name, address, phone number, age, sex, race, job title;
> b. date of hire;
> c. date each certification was issued;
> d. date of expiration of each certification;
> e. whether each such certification was renewed;
> f. whether each such certification lapsed;
> g. any action taken by the Board based on the lapse;
> h. any reports of certification lapse to the media; and
> i. the substance of any such report.
>
> Identify all Documents that constitute, refer or relate to Interrogatory No. 18.

(Pl's Aff. Regarding Mot. to Compel, Dkt. No. 125, Ex. B.) On its face, this interrogatory appears too broad, and is not narrowly tailored to lead to the discovery of admissible evidence. The court presumes Plaintiff is seeking is a list of employees that it can search to identify similarly situated individuals. Defendant need not identify every administrator employed by the District over a ten year period to allow Plaintiff a meaningful search. This category could be narrowed, for example, to seek a list of every District 205 Administrator employed in a position requiring a Type 75 or Type 76 certificate who, for the three years prior to the non-renewal of Plaintiff's contract, did not have such certification or allowed his or her certificate to lapse or expire during his or her employment with District 205.

The court is also cognizant of the burden of production described by Defendants. As written, Plaintiff's interrogatory would have required Defendants to identify and search hundreds

7

of personnel files over a period of time that is not necessarily temporally relevant. The court finds the burden of a more narrow request is likely to be more reasonable. Plaintiff may be able to make a request that would outweigh the burden on the Defendants and allow him to engage in a meaningful search for potential similarly situated individuals. However, as it stands, Plaintiff's motion to compel as to Interrogatory Number 18 is denied.

    **4.**    **Document Production Request Number 10**

Plaintiff made the following document request in his Second Amended First Request for Production:

> All documents that constitute, refer, or relate to the personnel files of all District 205 (a) principals, (b) assistant principals, c) Chief Operating Officers ("COO"), (d) Chief Executive Officers ("CEO"), (e) interim, and acting superintendents, and (f) assistant superintendents for the past 5 years.

(Pl's Aff. Regarding Mot. to Compel, Dkt. No. 125, Ex. A.) Following an objection by Defendants, Plaintiff further clarified this request by listing specific individuals believed to have held administrative positions without an appropriate certificate, or with a probationary certificate. (Pl's Aff. Regarding Mot. to Compel, Dkt. No. 125, Ex. D.)

The court denied a similar request seeking the personnel or disciplinary files of all District 205 administrators on August 11, 2010, and suggested that Plaintiff narrow the request or present it in the form of an interrogatory. The court agrees with Defendants that Plaintiff's initial attempt at narrowing the request remained overly broad. The categories listed by Plaintiff appear to represent the vast majority, if not all, of the administrators within District 205. The court finds it too burdensome to require Defendants to collect and turn over all disciplinary or personnel files of all District administrators, even those who are not potentially similarly situated

with respect to Plaintiff's alleged certification or disciplinary issues. Like Plaintiff's Interrogatory Number 18, what Plaintiff apparently seeks here are the disciplinary or personnel files of administrators who may have had certification or other disciplinary issues and may have been treated differently than Plaintiff.

Plaintiff gets closer to the mark by listing sixteen specific individuals that he believes to be both similarly situated as administrators and similarly situated as to not holding an appropriate certificate at all times. The court finds Plaintiff's request, as narrowed in this manner, to be reasonably calculated to lead to the discovery of admissible evidence. The burden described by Defendants in producing personnel files and credentialing materials for its own administrators is outweighed by the need for Plaintiff to discovery such materials. This is underscored by Defendants' representations that it is required by the State Board of Education to respond when any such credentialing issue arises with one of its administrators. Plaintiff's request for the files of specific individuals who it believes to fit into the above categories is a reasonable request. The court at this time will grant Plaintiff's motion to compel as to the sixteen specific individuals named in its letter of October 25, 2010.

**5.      Document Production Request Number 10 Relating to Linda Hernandez**

The court denied this request without prejudice at an August 11, 2010 discovery conference. At the time of the hearing, the parties did not present full arguments to the court as to Defendant Hernandez, and the parties did not have a protective order in place. The court will now revisit this discovery request.

Plaintiff alleges in his Second Amended Complaint that Defendant Hernandez was the Interim Superintendent at the time Defendants engaged in discriminatory conduct. In her role as

9

Interim Superintendent, Plaintiff alleges Defendant Hernandez played a role in the disciplinary action taken against Plaintiff. (Pl's Second Amended Comp., Dkt. No. 67, p. 10.) Plaintiff alleges Defendant Hernandez violated Defendant District's "Suspension Policy" and then publicly announced the actions taken against Plaintiff to the media. (Pl's Second Amended Comp., Dkt. No. 67, p. 11.) The complaint also alleges Defendant Hernandez discussed Plaintiff's personal academic test scores and "insinuated that he was incompetent" during a radio interview. (Pl's Second Amended Comp., Dkt. No. 67, p. 14.) Plaintiff alleges Defendant Hernandez continued to "harass" Plaintiff throughout the 2007-2008 school year. (Pl's Second Amended Comp., Dkt. No. 67, p. 17.) In summary, Defendant Hernandez plays a crucial role in Plaintiff's allegations of discrimination and retaliation. Plaintiff also claims Defendant Hernandez was dismissed from her position as Interim Superintendent shortly after Plaintiff filed this suit.

The question, then, is whether a request by Plaintiff for the personnel file of Defendant Hernandez is reasonably calculated to lead to the discovery of admissible evidence in light of Plaintiff's allegations. Plaintiff does not allege Defendant Hernandez was similarly situated insofar as her credentials have not been questioned. However, Plaintiff does point to relevant case law within the Northern District of Illinois allowing for the discovery of personnel files of the relevant decision makers in a *McDonnell Douglas* case. Defendants have not represented what the burden would be to produce this one personnel file. The court finds that the potential usefulness of the information to Plaintiff, in light of his allegations, outweighs the burden that Defendants may assert.

**6.     Costs and Attorney's Fees**

The court finds that both parties have been engaged in good faith attempts to narrow the scope of discovery to an acceptable number of potential similarly situated employees.  Therefore, the court will deny Plaintiff's motion for costs and fees without prejudice.

**III.    Summary**

Plaintiff's motion to compel is granted in part.  Defendants shall respond to Plaintiff's discovery requests within a reasonable time not to exceed 21 days.

**E N T E R:**

_____
**P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT**

**DATE**: January 24, 2011